## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| ROBIN HUNTER, | : | |
|     Plaintiff, | : | |
| v. | : | CA 2:12-00077-C |
| CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,[1] | : | |
|     Defendant. | : | |

## MEMORANDUM OPINION AND ORDER

The plaintiff brings this action, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying her application for disability insurance benefits ("DIB").  The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings in this Court.   (*See* Doc. 18 ("In accordance with provisions of 28 U.S.C. 636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States Magistrate Judge conduct any and all proceedings in this case, including . . . order the entry of a final judgment, and conduct all post-judgment proceedings.").) Upon consideration of the administrative record ("R.") (Doc. 12), the plaintiff's brief (Doc. 13), the Commissioner's brief (Doc. 15), and the arguments presented at the February 15, 2013 Hearing, it is determined that the Commissioner's decision denying the plaintiff benefits should be **REVERSED AND REMANDED** for further proceedings not inconsistent with this decision.[2]

---

[1]    Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013.  Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Colvin is substituted for Michael J. Astrue as the proper defendant in this case.

[2]    Any appeal taken from this memorandum opinion and order and judgment shall be made to the Eleventh Circuit Court of Appeals.   (*See* Doc. 18 ("An appeal from a judgment entered by a Magistrate Judge shall be taken directly to the United States Court of Appeals for

## Procedural Background

On March 30, 2010, the plaintiff filed an application for DIB (R. 115-118), alleging disability beginning October 28, 2008 (*see* R. 115).    Her application was initially denied on August 12, 2010.   (*See* R. 59-64.)   A hearing was then conducted before an Administrative Law Judge on September 8, 2011 (*see* R. 27-57).   On September 22, 2011, the ALJ issued a decision finding that the claimant was not disabled (R. 11-26), and the plaintiff sought review from the Appeals Council.   The Appeals Council issued its decision declining to review the ALJ's determination on December 23, 2011 (*see* R. 1-6)—making the ALJ's determination the Commissioner's final decision for purposes of judicial review, *see* 20 C.F.R. § 404.981—and a complaint was filed in this Court on February 10, 2012 (*see* Doc. 1).

## Standard of Review and Claims on Appeal

In all Social Security cases, the plaintiff bears the burden of proving that he or she is unable to perform his or her previous work.   *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986).   In evaluating whether the plaintiff has met this burden, the examiner must consider the following four factors: (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the plaintiff's age, education, and work history.   *Id.*   Once the plaintiff meets this burden, it becomes the Commissioner's burden to prove that the plaintiff is capable—given his or her age, education, and work history—of engaging in another kind of substantial gainful employment that exists in the national economy.   *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985).   Although at the fourth step "the [plaintiff] bears the burden

this judicial circuit in the same manner as an appeal from any other judgment of this district court.").)

2

of demonstrating the inability to return to [his or] her past relevant work, the Commissioner of Social Security has an obligation to develop a full and fair record." *Shnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987) (citations omitted).

The task for this Court is to determine whether the ALJ's decision to deny plaintiff benefits is supported by substantial evidence. Substantial evidence is defined as more than a scintilla, and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "In determining whether substantial evidence exists, [a court] must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Courts are precluded, however, from "deciding the facts anew or re-weighing the evidence." *Davison v. Astrue*, 370 Fed. App'x 995, 996 (11th Cir. Apr. 1, 2010) (per curiam) (citing *Dyer v. Bernhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)). And, "[e]ven if the evidence preponderates against the Commissioner's findings, [a court] must affirm if the decision reached is supported by substantial evidence." *Id.* (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004)).

On appeal to this Court, the plaintiff asserts two separate claims:

1. The ALJ erred in formulating a residual functional capacity ("RFC") based on his own interpretation of the medical evidence; and

2. The Appeals Council erred in failing to review the opinion of treating physician, Glenton W. Davis, M.D.

(Doc. 13 at 1.) The Court has determined that, because the ALJ has failed to link his RFC determination to specific evidence in the record regarding the plaintiff's ability to work despite the limitations caused by her impairments, the Court cannot adequately assess whether the RFC is supported by substantial evidence. Accordingly, this case

should be remanded to the Commissioner pursuant to the plaintiff's first asserted error.

## Appeals Council Consideration

The plaintiff's second claim, however, presents an interesting issue—the Appeals Council's apparent failure to evaluate adequately a treating source opinion presented for the first time to the Appeals Council—that merits some discussion, particularly in light of the Eleventh Circuit's unpublished decision in *Flowers v. Commissioner of Social Security*, 441 Fed. App'x 735 (11th Cir. Sep. 30, 2011) (per curiam), which has been examined by numerous district courts in this Circuit, including this one, *see, e.g., Perkins v. Astrue*, No. CA 2:11–00603–C, 2012 WL 2508025 (S.D. Ala. June 29, 2012).

The decision in *Flowers* was summarized by Magistrate Judge Kelly in *Bowden v. Commissioner of Social Security*, No. 6:11–cv–620–Orl–GJK, 2012 WL 2179119 (M.D. Fla. June 13, 2012):

> "When a claimant properly presents new evidence, and the Appeals Council denies review, the Appeals Council must show in its written denial that it has ***adequately evaluated the new evidence***." *Flowers v. Commissioner of Social Security*, 441 Fed. App'x 735, 745 (11th Cir. Sep. 30, 2011) (unpublished) (citing *Epps v. Harris*, 624 F.2d 1267, 1273 (5th Cir. 1980)). Thus, the Appeals Council must demonstrate or articulate in some manner that it has ***appropriately evaluated the new evidence***. *Id.* "If the Appeals Council merely 'perfunctorily adhere[s]' to the ALJ's decision, the Commissioner's findings are not supported by substantial evidence and we must remand 'for a determination of [the claimant's] disability eligibility reached on the total record.'" *Flowers*, 441 Fed. App'x at 745 (quoting *Epps*, 624 F.2d at 1273).
>
> In *Flowers*, the ALJ properly rejected the opinions of Claimant's treating and examining physicians and relied instead upon the opinion of a non-examining physician, which was well supported by the medical findings contained in the records from the treating and examining physicians. *Id.* at 740–43. The claimant then submitted new evidence to the Appeals Council consisting of new treatment records and opinions from claimant's treating physician. *Id.* at 746. The Appeals Council adopted the ALJ's decision ***without meaningfully addressing the new evidence***. *Id.* The Eleventh Circuit reversed finding that the Appeals Council had not adequately considered the claimant's new evidence. *Id.*

at 745. The Eleventh Circuit stated that "[i]ndeed, *apart from acknowledging that Flowers had submitted new evidence, the Appeals Council made no further mention of it or attempt to evaluate it*." *Id.* The Eleventh Circuit noted that the new evidence before the Appeals Council was from a treating physician while the ALJ had relied, albeit properly in that case, on the opinion of a non-examining physician. *Id.* at 746–747. Thus, to the extent the non-examining physician's opinion contradicted the opinion of the treating physician; the non-examining opinion must be accorded little weight. *Id.* at 747. Accordingly, the case was remanded for consideration of the new evidence because there was a reasonable possibility that the new evidence would change the administrative outcome. *Id.*

*Id.* at *7 (footnote omitted and emphasis added).

While a claimant "may generally present evidence at each stage of the administrative proceedings[,]" *id.* at *6 (citing 20 C.F.R. §§ 404.900(b), 416.1470(b); *Ingram v. Commissioner of Soc. Sec.*, 496 F.3d 1253, 1261 (11th Cir. 2007)), evidence "presented for the first time to the Appeals Council" will only be considered by the Appeals Council "if it is 'new and material' evidence relating 'to the period on or before the date of the [ALJ's] hearing decision[,]'" *id.* (quoting 20 C.F.R. §§ 404.970(b), 416.1470(b)). "Thus, to warrant consideration by the Appeals Council, the evidence must relate to the period on or before the date of the ALJ's decision." *Id.*

The evidence presented here, a letter from the plaintiff's treating physician along with a medical source statement and clinical assessment of pain completed by that physician, Dr. Glenton W. Davis (R. 262-265), is dated November 8, 2011 (*see, e.g.*, R. 262 ("At [the request of counsel,] I did a physical capacity evaluation form in my office on Robin Hunter on November 8, at 10:30 a.m.")), while the ALJ's decision here is dated September 22, 2011 (*see* R. 11). That Dr. Davis's opinion is dated *more than one month after* the ALJ's decision, however, does not shut out the possibility, particularly because

5

of Dr. Davis's longstanding treating relationship with the plaintiff,[3] that his opinion "relate[s] to the period on or before the date of the ALJ's decision."   *Bowden*, 2012 WL 2179119, at *6.   The problem with Dr. Davis's opinion—aside from the inclusion of conclusory language[4]—is that, despite his longstanding treatment of the plaintiff, nowhere in his report does he explicitly state that his opinion as to the plaintiff's abilities relates to the period at issue—before September 22, 2011.   *Compare Olley v. Astrue*, No. CV 10–6786–MLG, 2011 WL 1790095, at *4 (C.D. Cal. May 10, 2011) ("Where a claimant is seeking review based on evidence not presented to the ALJ, the Appeals Council must only provide such review when the submitted evidence: (1) is new, (2) is material, and (3) relates to the period on or before the date of the ALJ hearing decision. Dr. Vargas's physical residual functional capacity questionnaire satisfies these criteria. It is new and ***Dr. Vargas stated that his findings relate to the period at issue.***") (emphasis added and internal citations omitted)[5] *and Shrack v. Astrue*, 608 F. Supp. 2d 297, 302 n.2 (D. Conn. 2009) ("The plaintiff identifies a letter from Dr. Cretella dated

---

[3]      Dr. Davis treated the plaintiff from 2003 through 2009 (*see* R. 203-208), and, according to the record evidence, the last time he saw the plaintiff before November 8, 2011 was September 16, 2009 (*see* R. 204).

[4]      "Unfortunately, this pleasant young lady is disabled.   Based on her work history, and the symptoms she is having today, she is probably not going to be employable down the road."   (R. 262.)

[5]      The court there went on:

> The questionnaire is also material.   While the questionnaire may be less persuasive than the contemporaneous medical evidence of record because it was prepared after the ALJ's decision, it bears directly on the issue of Plaintiff's ability to perform work-related functions.   As Dr. Vargas is Plaintiff's treating physician, there is a reasonable possibility that the new evidence that Plaintiff submitted would have changed the ALJ's decision in this case.   Accordingly, remand for consideration of Dr. Vargas's new residual functional capacity questionnaire, in conjunction with the existing medical records, is appropriate.

*Id.* (internal citations omitted).

March 1, 2007 as evidence of his disability.  ***Although the letter is dated after ALJ Dolan's decision, many of the office notes that Dr. Cretella attached to that letter were composed during the time period at issue.***  To the extent that the findings and conclusions discussed in Dr. Cretella's March 1, 2007 letter can be attributed to his observations during the time period at issue, that letter is new and material evidence and should be addressed on remand in accordance with this opinion.") (emphasis added), *with Alvarado v. Barnhart*, 432 F. Supp. 2d 312, 320 (W.D.N.Y. 2006) ("Since Dr. Cruz's report does not indicate that plaintiff's allegedly disabling meniscal tear existed prior to the issuance of the ALJ's decision, the Appeals Council could properly have refused to consider it.").

The difficulty in reviewing this case—to determine whether the Commissioner's decision to deny benefits is supported by substantial evidence[6]—caused by Dr. Davis's failure to explicitly state whether his opinion relates to the applicable period is compounded by the Appeals Council's "evaluation" of Dr. Davis's opinion; that "evaluation," in full, is:

> In looking at your case, we considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council[—letter from counsel dated November 15, 2011, requesting review, and evidence from Dr. Davis (*see* R. 5)].  ***We found that this information does not provide a basis for changing the Administrative Law Judge's decision.***

(R. 1-2 (emphasis added).)  *Compare id.*, *with Perkins*, 2012 WL 2508025, at *4 ("The Appeals Council's 'evaluation' of the new evidence in this matter is virtually the same

---

[6]    "[S]ubstantial evidence necessarily includes consideration of all available evidence, particularly the records of a treating medical source."  *Perkins*, 2012 WL 2508025, at *4 (citing *Newsome v. Astrue*, 817 F. Supp. 2d 111, 130 (E.D.N.Y. 2011) (finding an ALJ's determination made "without consideration of all of the available evidence the record" to be "not supported by substantial evidence")).

as the Appeals Council's 'evaluation' of the new evidence in *Bowden* and *Flowers*.
*Compare* R. 1-2 ('[W]e considered the reasons your disagree with the decision [and w]e
reviewed the additional medical reports that your representative submitted into
evidence.   We found that this information does not provide a basis for changing the
Administrative Law Judge's decision.'), *with Bowden*, 2012 WL 2179119, at *8 ('In its
decision denying review, the Appeals Council merely stated that "we considered the
reasons you disagree with the decision and the additional evidence . . . [but][w]e found
this information does not provide a basis for changing the [ALJ's] decision."   R. 1–2.
***As in* Flowers*, the Appeals Council here did not demonstrate that it adequately
evaluated the new evidence or did anything more than perfunctorily adhere to the ALJ's
decision.***   On that basis alone, the case must be remanded to the Commissioner.   *Epps*,
624 F.2d at 1273.').") (emphasis added); *cf. Mitcham ex rel. K.N.M. v. Commissioner of Soc.
Sec.*, No. 6:09–cv–2100–Orl–DAB, 2011 WL 550515, at *6 (M.D. Fla. Feb. 9, 2011) ("While
the Commissioner articulates a basis by which the Appeals Council ***might*** have
discredited the conclusions, the Appeals Council's failure to include ***any*** substantive
analysis of the opinion of this long-standing provider does not show that the Appeals
Council 'evaluated adequately the new evidence.'") (quoting *Colon ex rel. Colon v.
Commissioner of Soc. Sec.*, 411 Fed. App'x 236, 239 (11th Cir. Jan. 25, 2011) (per curiam))
(emphasis in original).

Here, the Appeals Council could have meaningfully addressed the plaintiff's
new evidence by, for example, specifically rejecting it because (in its view) the new
evidence did not relate to the period at issue.   For example, in *Baker v. Astrue*, No. 08–
CV–176–TLW, 2010 WL 3221892 (N.D. Okla. Aug. 12, 2010), the plaintiff argued that
"the ALJ failed to give controlling weight to the Medical Source Statement of [her]

treating physician, Dr. Terri Stonehocker, and failed to enter findings justifying his

rejection of Dr. Stonehocker's opinion[,]" *id.* at *4, and the Court noted:

> The ALJ rendered his decision denying plaintiff's claim for benefits on
> February 23, 2007.  Seven months later, plaintiff's counsel submitted to
> the Appeals Council a Medical Source Statement from Dr. Stonehocker
> dated September 6, 2007[, which Dr. Stonehocker expressly indicated was
> a "Current Evaluation," and] was received by the Appeals Council on
> January 15, 2008.   The Appeals Council took this evidence into
> consideration in affirming the decision of the ALJ and in denying plaintiff
> relief.   It held:
>
> > We also considered Dr. Stonehocker's statement dated September
> > 6, 2007. . . .
> >
> > ***The evidence indicates you saw Dr. Stonehocker for the first time
> > in August 2007.***  Dr. Stonehocker reported you are markedly
> > limited in several functioning areas; however this ***statement is not
> > consistent with the other psychiatric and counselor treatment
> > records*** with indicated stability by December 2006 with no
> > deterioration of your functioning ability through September 2007.

*Id.* at *4-5 (emphasis added and record citations omitted).   The court concluded,

> because Dr. Stonehocker's assessment did not relate to the period "on or
> before" the date of the administrative law judge's decision, and because
> the Appeals Council found that it did not modified the results of the ALJ's
> decision, the ALJ did not err in failing to give Dr. Stonehocker's opinion
> controlling weight or provide an explanation for his decision in that
> regard.

*Id.* at *5.

But, because the Appeals Council here provides ***no explanation*** as to why it

chose not to give the evidence submitted from Dr. Davis controlling weight, remand

would be appropriate for this reason alone.  *Cf. Knepple-Hodyno v. Astrue*, No. 11–cv–

443 (DLI), 2012 WL 3930442, at *9 (E.D.N.Y. Sept. 10, 2012) ("While the issue was not

raised by Plaintiff, the court also notes that Plaintiff submitted to the Appeals Council

two reports from treating physicians, Dr. Alluri and Dr. Gasalberti, that were drafted

after the ALJ's decision.   Contrary to the ALJ's implicit findings, these reports contain

medical evidence tending to show that Plaintiff's surgery may not have ameliorated her pain or enabled her to work. . . . ***Here, the Appeals Council provided no explanation as to why it did not give this new evidence controlling weight.*** On remand, the ALJ must consider this new evidence, as well as any other new pertinent evidence shedding light on Plaintiff's condition after her surgery, and accord it the proper weight.") (internal citations omitted and emphasis added).

However, as explained below, this matter is due to be remanded because the Court cannot adequately assess whether the ALJ's RFC determination is supported by substantial evidence. And on remand, the Commissioner shall consider Dr. Davis's opinion (R. 262-265). *See Shrack*, 608 F. Supp. 2d at 302 n.2; *Knepple-Hodyno*, 2012 WL 3930442, at *9.

## The RFC Determination

In this matter the ALJ made a very detailed finding regarding the plaintiff's RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) with the following limitations or considerations: she can lift and carry 20 pounds occasionally and ten pounds frequently; stand and walk four hours with the option to sit or stand every two hours, and sit six hours in an eight-hour day; frequently push and pull with the right upper extremity and occasionally with the left upper extremity; frequently push and pull with the lower extremities; frequently balance, stoop, and crouch; occasionally knell, crawl, and climb ramps and stairs; never climb ladders, ropes, or scaffolds; occasionally perform overhead reaching with both arms; occasionally reach in other directions with the left arm and frequently with the right arm; perform frequent handling with the right hand and occasionally with the left hand; perform frequent fingering bilaterally, and unlimited feeling; should avoid all work with very small items such as needles and threads; occasionally be exposed to extreme cold, humidity, and wetness; should avoid all exposure to unprotected heights and dangerous machinery; should avoid all commercial driving; and would have one unplanned absence monthly.

(R. 16-17.)

1.      *Standard for Review of an RFC Determination.*

The Eleventh Circuit has made clear that "[r]esidual functional capacity, or RFC, is a medical assessment of what the claimant can do in a work setting despite any mental, physical or environmental limitations caused by the claimant's impairments and related symptoms."   *Peeler v. Astrue*, 400 Fed. App'x 492, 493 n.2 (11th Cir. Oct. 15, 2010) (per curiam) (citing 20 C.F.R. § 416.945(a)).   Stated somewhat differently, "[a] claimant's RFC is 'that which [the claimant] is still able to do despite the limitations caused by his . . . impairments.'"   *Hanna v. Astrue*, 395 Fed. App'x 634, 635 (11th Cir. Sept. 9, 2010) (per curiam) (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004)).   "In making an RFC determination, the ALJ must consider the record evidence, including evidence of non-severe impairments."   *Id.* (citation omitted); *compare* 20 C.F.R. § 416.945(a)(1) ("We will assess your residual functional capacity based on all the relevant evidence in your case record."), *with* 20 C.F.R. § 416.945(a)(3) ("We will assess your residual functional capacity based on all the relevant medical and other evidence.").

From the foregoing, it is clear that the ALJ is responsible for determining a claimant's RFC—a deep-seated principle of Social Security law, *see* 20 C.F.R. § 416.946(c) ("If your case is at the administrative law judge hearing level under § 416.1429 or at the Appeals Council review level under § 416.1467, the administrative law judge or the administrative appeals judge at the Appeals Council (when the Appeals Council makes a decision) is responsible for assessing your residual functional capacity.")—that this Court has never taken issue with.   *See, e.g., Hunington ex rel. Hunington v. Astrue*, No. CA 08-0688-WS-C, 2009 WL 2255065, at *4 (S.D. Ala. July 28, 2009) ("Residual functional capacity is a determination made by the ALJ[.]") (order adopting report and

recommendation of the undersigned).   The regulations provide, moreover, that while a claimant is "responsible for providing the evidence [the ALJ] . . . use[s] to make a[n] [RFC] finding[,]" the ALJ is responsible for developing the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary," and helping the claimant get medical reports from her own medical sources.   20 C.F.R. § 416.945(a)(3).   In assessing RFC, the ALJ must consider any statements about what a claimant can still do "that have been provided by medical sources," as well as "descriptions and observations" of a claimant's limitations from her impairments, "including limitations that result from [] symptoms, such as pain[.]"   *Id.*

In determining a claimant's RFC, the ALJ considers a claimant's "ability to meet the physical, mental, sensory, or other requirements of work, as described in paragraphs (b), (c), and (d) of this section."   20 C.F.R. § 416.945(a)(4).

> (b)   *Physical abilities.*   When we assess your physical abilities, we first assess the nature and extent of your physical limitations and then determine your residual functional capacity for work activity on a regular and continuing basis.   A limited ability to perform certain physical demands of work activity, such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions (including manipulative or postural functions, such as reaching, handling, stooping or crouching), may reduce your ability to do past work and other work.

> (c)   *Mental abilities.*   When we assess your mental abilities, we first assess the nature and extent of your mental limitations and restrictions and then determine your residual functional capacity for work activity on a regular and continuing basis.   A limited ability to carry out certain mental activities, such as limitations in understanding, remembering, and carrying out instructions, and in responding appropriately to supervision, co-workers, and work pressures in a work-setting, may reduce your ability to do past work and other work.

> (d)   *Other abilities affected by impairment(s).*   Some medically determinable impairment(s), such as skin impairment(s), epilepsy, impairment(s) of vision, hearing or other senses, and impairment(s) which impose environmental restrictions, may cause limitations and restrictions which affect other work-related abilities.   If you have this type of impairment(s),

we consider any resulting limitations and restrictions which may reduce
your ability to do past work and other work in deciding your residual
functional capacity.

20 C.F.R. § 416.945(b), (c) & (d).

Against this backdrop, this Court starts with the proposition that an ALJ's RFC

determination necessarily must be supported by substantial evidence. *Compare Figgs v.*

*Astrue*, No. 5:10–cv–478–Oc–18TBS, 2011 WL 5357907, at *1-2 (M.D. Fla. Oct. 19, 2011)

("Plaintiff argues that the ALJ's residual functional capacity ('RFC') determination is

not supported by substantial evidence. . . . [The] ALJ's RFC Assessment is [s]upported

by substantial record evidence[.]"), *report & recommendation approved*, 2011 WL 5358686

(M.D. Fla. Nov. 3, 2011), *and Scott v. Astrue*, No. CV 110–052, 2011 WL 2469832, at *5

(S.D. Ga. May 16, 2011) ("The ALJ's RFC Finding Is Supported by Substantial

Evidence[.]"), *report & recommendation adopted*, 2011 WL 2461931 (S.D. Ga. June 17, 2011),

*with Green v. Social Sec. Admin.*, 223 Fed. App'x 915, 923-24 (11th Cir. May 2, 2007) (per

curiam) ("Green argues that without Dr. Bryant's opinion, there is nothing in the record

for the ALJ to base his RFC conclusion that she can perform light work. . . . Once the

ALJ determined that no weight could be placed on Dr. Bryant's opinion of [] Green's

limitations, the only documentary evidence that remained was the office visit records

from Dr. Bryant and Dr. Ross that indicated that she was managing her respiration

problems well, that she had controlled her hypertension, and that her pain could be

treated with over-the-counter medication. Thus, substantial evidence supports the ALJ's

determination that Green could perform light work."). And while, as explained in

*Green*, an ALJ's RFC assessment may be supported by substantial evidence even in the

absence of an opinion by an examining medical source about a claimant's residual

functional capacity, specifically because of the hearing officer's decision to give less

13

than controlling weight to such an opinion,[7] 223 Fed. App'x at 923-24; *see also id.* at 923 ("Although a claimant may provide a statement containing a physician's opinion of her remaining capabilities, the ALJ will evaluate such a statement in light of the other evidence presented and the ultimate determination of disability is reserved for the ALJ."), ___nothing___ in *Green* can be read as suggesting anything contrary to those courts—including this one—that have staked the position that the ALJ must ___link___ the RFC assessment to specific evidence in the record bearing upon the claimant's ability to perform the physical, mental, sensory, and other requirements of work.[8]    *Compare,*

_____

[7]    An ALJ's articulation of reasons for giving less than controlling weight to a treating source's RFC assessment must, of course, be supported by substantial evidence.  *See, e.g., Gilabert v. Commissioner of Soc. Sec.*, 396 Fed. App'x 652, 655 (11th Cir. Sept. 21, 2010) (per cuiam) ("Where the ALJ articulated specific reasons for failing to give the opinion of a treating physician controlling weight, and those reasons are supported by substantial evidence, there is no reversible error.  In this case, therefore, the critical question is whether substantial evidence supports the ALJ's articulated reasons for rejecting Thebaud's RFC.") (citing *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005)); *D'Andrea v. Commissioner of Soc. Sec. Admin.*, 389 Fed. App'x 944, 947-48 (11th Cir. July 28, 2010) (per curiam) (same).

[8]    In *Green*, such linkage was easily identified since the documentary evidence remaining after the ALJ properly gave less than controlling weight to the RFC opinion of the treating physician "was the office visit records from Dr. Bryant and Dr. Ross that indicated that [claimant] was managing her respiration problems well, that she had controlled her hypertension, and that her pain could be treated with over-the-counter medication."  223 Fed. App'x at 923-24.  Based upon such nominal clinical findings, the court in Green found "substantial evidence support[ing] the ALJ's determination that Green could perform light work."  *Id.* at 924; *see also Hovey v. Astrue*, Civil Action No. 1:09CV486-SRW, 2010 WL 5093311, at *13 (M.D. Ala. Dec. 8, 2010) ("The Eleventh Circuit's analysis in *Green*, while not controlling, is persuasive, and the court finds plaintiff's argument . . . that the ALJ erred by making a residual functional capacity finding without an RFC assessment from a physician without merit.  In formulating plaintiff's RFC in the present case, the ALJ—like the ALJ in *Green*—relied on the office treatment notes of plaintiff's medical providers.").

Therefore, decisions, such as *Stephens v. Astrue*, No. CA 08-0163-C, 2008 WL 5233582 (S.D. Ala. Dec. 15, 2008), in which a matter is remanded to the Commissioner because the "ALJ's RFC determination [was not] supported by substantial and tangible evidence" still accurately reflect the view of this Court, but not to the extent that such decisions are interpreted to require that "substantial and tangible evidence" ___must—in all cases—include___ an RFC or PCE from a physician.  *See id.* at *3 ("[H]aving rejected West's assessment, the ALJ ___necessarily had to___ point to a PCE which supported his fifth-step determination that Plaintiff can perform light work activity.") (emphasis added).  But, because the record in *Stephens*

*e.g.*, *Saunders v. Astrue*, Civil Action No. 1:11cv308–WC, 2012 WL 997222, at *5 (M.D. Ala. Mar. 23, 2012) ("It is unclear how the ALJ reached the conclusion that Plaintiff 'can lift and carry up to fifty pounds occasionally and twenty-five pounds frequently' and sit, stand and/or walk for six hours in an eight hour workday, [] when the record does not include an evaluation of Plaintiff's ability to perform work activities such as sitting, standing, walking, lifting, bending, or carrying."), *with* 20 C.F.R. § 416.945(b), (c) & (d); *see also Packer v. Astrue*, Civil Action No. 11–0084–CG–N, 2013 WL 593497, at *4 (S.D. Ala. Feb. 14, 2013) (Granade, J.) ("[T]he ALJ must link the RFC assessment to specific evidence in the record bearing upon the claimant's ability to perform the physical, mental, sensory, and other requirements of work.") (quoting *Salter v. Astrue*, No. CA 11–00681–C, 2012 WL 3817791, at *3 (S.D. Ala. Sept. 4, 2012)).

Indeed, the Eleventh Circuit appears to agree that such linkage is necessary for federal courts to conduct a meaningful review of an ALJ's decision.   For example, in *Hanna*, the panel noted that

> [t]he ALJ determined that Hanna had the RFC to perform a full range of work at all exertional levels but that he was limited to 'occasional hand and finger movements, overhead reaching, and occasional gross and fine manipulation.'   In making this determination, the ALJ relied, in part, on the testimony of the ME. . . .

---

> contain[ed] no physical RFC assessment beyond that performed by a disability examiner, which is entitled to no weight whatsoever, there [was] simply no basis upon which this court [could] find that the ALJ's light work RFC determination [was] supported by substantial evidence.   [That] record [did] not reveal evidence that would support an inference that Plaintiff [could] perform the requirements of light work, and certainly an ALJ's RFC determination must be supported by substantial and tangible evidence, not mere speculation regarding what the evidence of record as a whole equates to in terms of physical abilities.

*Id.* (citing *Cole v. Barnhart*, 293 F. Supp. 2d 1234, 1242 (D. Kan. 2003) ("The ALJ is responsible for making a RFC determination, and he must link his findings to substantial evidence in the record and explain his decision.")).

15

The ALJ's RFC assessment, as it was based on the ME's testimony, is problematic for many reasons. . . .   [G]iven that the ME opined only that Hanna's manipulation limitations were task-based without specifying how often he could perform such tasks, it is unclear how the ALJ concluded that Hanna could occasionally engage in all forms of hand and finger movements, gross manipulation, and fine manipulation. . . .

The ALJ also agreed with the VE's testimony that, under the RFC determination, Hanna could return to his past work.   *But this conclusion is not clear from the record.*   The VE answered many hypothetical questions and initially interpreted the ME's assessment to mean that Hanna's gross manipulation abilities were unlimited and so, with only a restriction to fine manipulation, he could perform his past relevant work. In a separate hypothetical, the VE stated that a claimant could not return to his past work as a packaging supervisor if restricted to occasional fingering, handling, and gross and fine manipulation.   The ALJ also did not include the ME's steadiness restriction in the RFC assessment; and the VE testified that a person restricted to handling that required steadiness would not be able to return to Hanna's past work.   *The ALJ must state the grounds for his decision with clarity to enable us to conduct meaningful review.*   The ALJ has not done so here.   To the extent the ALJ based Hanna's RFC assessment on hearing testimony by the ME and VE, the assessment is inconsistent with the evidence.   The ALJ did not explicitly reject any of either the ME's or VE's testimony or otherwise explain these inconsistencies, the resolution of which was material to whether Hanna could perform his past relevant work.   *Absent such explanation, it is unclear whether substantial evidence supported the ALJ's findings; and the decision does not provide a meaningful basis upon which we can review Hanna's case."*

395 Fed. App'x at 635-36 (emphasis added and internal citations and footnotes omitted);

*see also Ricks v. Astrue*, No. 3:10–cv–975–TEM, 2012 WL 1020428, at *9 (M.D. Fla. Mar. 27,

2012) ("'The existence of substantial evidence in the record favorable to the

Commissioner may not insulate the ALJ's determination from remand when he or she

does not provide a *sufficient rationale to link such evidence to the legal conclusions

reached*.'   Where the district court cannot discern the basis for the Commissioner's

decision, a sentence-four remand may be appropriate to allow him to explain the basis

for his decision.") (quoting *Russ v. Barnhart*, 363 F. Supp. 2d 1345, 1347 (M.D. Fla. 2005))

(emphasis added); *Packer*, 2013 WL 593497, at *4 (While "the Eleventh Circuit has

declined to impose overly rigid requirements when reviewing disability decisions[,] meaningful review . . . requires [that] ALJs [ ] state with clarity the grounds for their decisions.") (internal citations and quotation marks omitted); *cf. Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) ("The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal.") (citation omitted); *Dixon v. Astrue*, 312 Fed. App'x 226, 229 (11th Cir. Feb. 13, 2009) (per curiam) (after noting,"'[w]hile we may not supply a reasoned basis for [an] agency's action that the agency itself has not given, we will uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned[,]'" vacating a district court's decision to affirm the ALJ where "the ALJ's path [was] not reasonably discernible") (quoting *Zahnd v. Secretary, Dep't of Agric.*, 479 F.3d 767, 773 (11th Cir. 2007)).

Such linkage, moreover, may not be manufactured speculatively by the Commissioner—using "the record as a whole"—on appeal, but rather, must be clearly set forth in the ALJ's decision. *See, e.g., Durham v. Astrue*, Civil Action No. 3:08CV839-SRW, 2010 WL 3825617, at *3 (M.D. Ala. Sep. 24, 2010) (rejecting the Commissioner's request to affirm an ALJ's decision because, according to the Commissioner, overall, the decision was "adequately explained and supported by substantial evidence in the record"; holding that affirming that decision would require that the court "ignor[e] what the law requires of the ALJ[; t]he court 'must reverse [the ALJ's decision] when the ALJ has failed to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted'") (quoting *Hanna*, 395 Fed. App'x at 636 (internal quotation marks omitted)); *see also id.* at *3 n.4 ("In his brief, the Commissioner sets forth the evidence on which the ALJ ***could have***

17

relied . . . .   There may very well be ample reason, supported by the record, for [the ALJ's ultimate conclusion].   However, because the ALJ did not state his reasons, the court cannot evaluate them for substantial evidentiary support.   Here, the court does not hold that the ALJ's ultimate conclusion is unsupportable on the present record; the court holds only that the ALJ did not conduct the analysis that the law requires him to conduct.") (emphasis in original); *Patterson v. Bowen*, 839 F.2d 221, 225 n.1 (4th Cir. 1988) ("We must . . . affirm the ALJ's decision only upon the reasons he gave.").

        **2.**     ***The RFC Determination Here.***

        As provided previously, "RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence." *Watson v. Astrue*, Civil Action No. 2:10–CV–200–TFM, 2011 WL 626559, at *4 (M.D. Ala. Feb. 11, 2011) (citing *Phillips*, 357 F.3d at 1237–39); *accord Hanna*, 395 Fed. App'x at 635.   "It also can contain both exertional and nonexertional limitations," and "requires, in essence, a function-by-function assessment of a claimant's ability to perform work-related activities 'on a regular and continuing basis.'"   *Id.* (quoting 20 C.F.R. § 404.1567(b)) (other citations omitted).

        To find that the ALJ's RFC determination is supported by substantial evidence, the determination must be linked to specific evidence in the record regarding the plaintiff's ability to perform the physical, mental, sensory, and other requirements of work.   If the ALJ's decision provides such linkage—that is, it gives this Court a sufficient rationale to link his legal conclusions to the record evidence remaining after any decision to give less than controlling weight to the opinions of the plaintiff's treating physicians—the ALJ's RFC determination is supported by substantial evidence and will be affirmed.

Although this Court has rejected the requirement that an ALJ's RFC determination *always* be supported by an RFC or PCE from a physician, *see* discussion, *supra*, note 8, an ALJ's decision must, nevertheless, "be supported by substantial and tangible evidence, not mere speculation regarding what the evidence of record as a whole *equates to in terms of physical abilities*." *Stephens*, 2008 WL 5233582, at *3 (emphasis added) (citing *Cole*, 293 F. Supp. 2d at 1242 ("The ALJ is responsible for making a RFC determination, and he must link his findings to substantial evidence in the record and explain his decision.")); *compare id.*, *with Doss v. Astrue*, No. CA 07-0375-C, 2007 WL 4570551, at *3 (S.D. Ala. Dec. 20, 2007) ("There is no evidence whatsoever which establishes that plaintiff can perform the physical requirements of sedentary work and, certainly, an ALJ's RFC determination must be supported by substantial and tangible evidence, not mere intuition *or conjecture regarding what a physician's clinical findings equate to in terms of physical abilities*.") (citation and footnote omitted; emphasis added).

As recently articulated in *Sanjean v. Astrue*, No. 11–1395–SAC, 2013 WL 27782 (D. Kan. Jan. 2, 2013), an appeal of an ALJ's determination "that plaintiff had the RFC to perform the full range of sedentary work, as defined in 20 C.F.R. § 404.1567(a)[,]"

> According to SSR 96–8p, the RFC assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence." . . . When the ALJ fails to provide a narrative discussion describing how the evidence supports each conclusion, citing to specific medical facts and nonmedical evidence, the court will conclude that his RFC conclusions are not supported by substantial evidence. The ALJ's decision must be sufficiently articulated so that it is capable of meaningful review; the ALJ is charged with carefully considering all of the relevant evidence and linking his findings to specific evidence. *It is insufficient for the ALJ to only generally discuss the evidence, but fail to relate that evidence to his conclusions.* When the ALJ has failed to comply with SSR 96–8p because he has not linked his RFC determination with specific evidence in the

19

> record, the court cannot adequately assess whether relevant evidence
> supports the ALJ's RFC determination.  Such bare conclusions are
> beyond meaningful judicial review.

*Id.* at *2 (emphasis added and multiple internal citations omitted).

Here, the ALJ summarizes the plaintiff's testimony (*see* R. 17) and makes a credibility determination as to the same (*see* R. 19); he discusses the medical expert testimony from the hearing, offered by Dr. Johns, (*see* R. 18) and accords it great weight (*see* R. 21)[9]; the ALJ summarizes the medical evidence (*see* R. 18-19); and he discusses the medical evidence in relation to each severe impairment (to find "the claimant's statements concerning the intensity, persistence and limiting effects of [her] symptoms are not credible to the extent they are inconsistent with the [his RFC] assessment") (*see* R. 19-21).   The ALJ, however, fails to consider the medical and other evidence and ***link*** that evidence—*i.e.,* "describing how the evidence supports each conclusion"—to his ultimate conclusion that the plaintiff retains the ability to perform less than the full range of light work.   This failure compels the Court to conclude that the RFC determination is not supported by substantial evidence, which prevents meaningful review by this Court and requires that this matter be remanded to the Commissioner for further consideration.   *See, e.g., Saunders,* 2012 WL 997222, at *5 (concluding that, where the record does not include an evaluation of the plaintiff's ability to perform the physical requirements of work, "[i]t is unclear how the ALJ reached the conclusion that Plaintiff 'can lift and carry up to fifty pounds occasionally and twenty-five pounds frequently' and sit, stand and/or walk for six hours in an eight hour workday"); *cf.*

---

[9]      Although Dr. Johns testified that the plaintiff did not meet a listed impairment (*see* R. 43-46), he failed to offer any other testimony explaining what the plaintiff is still able to do despite her impairments.

*Dunham v. Astrue*, No. 1:09CV 53 SNLJ(LMB), 2010 WL 2553878 (E.D. Mo. May 6, 2010) ("There is no opinion from any physician, treating or consulting, regarding plaintiff's **ability to function in the workplace** with his combination of impairments.   As such, there is no medical evidence in the record suggesting that plaintiff can, or cannot, perform light work.") (emphasis added), *report & recommendation adopted*, 2010 WL 2553882 (E.D. Mo. June 23, 2010).

## Conclusion

Accordingly, it is **ORDERED** that the decision of the Commissioner of Social Security denying the plaintiff benefits be **REVERSED AND REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g), *see Melkonyan v. Sullivan*, 501 U.S. 89 (1991), for further proceedings not inconsistent with this decision.   The remand pursuant to sentence four of § 405(g) makes the plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, *see Shalala v. Schaefer*, 509 U.S. 292 (1993), and terminates this Court's jurisdiction over this matter.

**DONE and ORDERED** this the 25th day of March, 2013.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**