**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION**

ROBIN HUNTER,                                           :

    Plaintiff,                                        :

v.                                                     :           CA 2:12-00077-C

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,                :

    Defendant.                                        :

## MEMORANDUM OPINION AND ORDER

    This matter is before the Court, pursuant to 28 U.S.C. § 636(c) and Rule 54(d)(2)(A) of the Federal Rules of Civil Procedure, on the plaintiff's application for an award of attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 (the "EAJA") (Doc. 21), filed April 24, 2013, and the Commissioner's objection to the application (Doc. 23), filed April 29, 2013.

    Upon consideration of all pertinent materials contained in this file, it is **ORDERED** that *the plaintiff* should receive a reasonable attorney's fee in the amount of **$2,279.69** under the EAJA for legal services rendered by her attorney in this Court.   *See Astrue v. Ratliff*, ___ U.S. ____, 130 S. Ct. 2521, 2526 & 2526-27 (2010) ("Ratliff [] asserts that subsection (d)(1)(A)'s use of the verb 'award' renders § 2412(d) fees payable directly to a prevailing party's attorney[.] . . . We disagree. . . .   The plain meaning of the word 'award' in subsection (d)(1)(A) is [] that the court shall 'give or assign by . . . judicial determination' to the 'prevailing party' (here, Ratliff's client Ree) attorney's fees in the amount sought and substantiated under, inter alia, subsection (d)(1)(B). . . .   The fact that the statute awards to the prevailing party fees in which her attorney may have a beneficial interest or a contractual right does not establish that the statute 'awards' the

fees directly to the attorney.   For the reasons we have explained, the statute's plain text does the opposite—it 'awards' the fees to the litigant[.]"); *see also Brown v. Astrue*, 271 Fed. App'x 741, 743 (10th Cir. Mar. 27, 2008) ("The district court correctly held that Mr. Brown's assignment of his right in the fees award to counsel does not overcome the clear EAJA mandate that the award is to him as the prevailing party, and the fees belong to him.   Thus, the district court correctly declined to award the fees directly to counsel.").   The Court, accordingly, disregards the Assignment (Doc. 21-4) appended to the plaintiff's application.[1]

### Discussion

1.   Procedural Background.

On March 25, 2013, this Court entered a Rule 58 judgment reversing and remanding this cause to the Commissioner of Social Security pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings.   (Doc. 20; *see also* Doc. 19, mem. op. & order.)   In the application for an award of attorney's fees under the EAJA (Doc. 21), filed on April 24, 2013, the plaintiff requests attorney's fees in the amount of $2,279.69 to compensate her attorney for the time (12.35 hours) spent representing her before this

---

[1]     When, as is the case here, the Court is provided an executed "assignment,"

[i]n light of *Ratliff*, [the best] practice [is] to simply award the EAJA fees directly to Plaintiff as the prevailing party and remain silent regarding the direction of payment of those fees.   It is not the duty of the Court to determine whether Plaintiff owes a debt to the government that may be satisfied, in whole or in part, from the EAJA fees award.   The Court leaves it to the discretion of the Commissioner to determine whether to honor Plaintiff's assignment of EAJA fees.

*Varner v. Astrue*, No. 3:09–cv–1026–J–TEM, 2011 WL 2682131, at *2 (M.D. Fla. July 11, 2011); *accord Dacosta-Lima v. Astrue*, No. 3:11–cv–777–J–32TEM, 2012 WL 177398, at *3 (M.D. Fla. Jan. 23, 2012); *Morris v. Astrue*, No. 2:09–CV–595–FtM–36SPC, 2012 WL 260041, at *2 (M.D. Fla. Jan. 30, 2012).

Court as of the date of the filing of the fee application (*see generally id.*).   And in her objection to the plaintiff's application, the Commissioner does not contest the reasonableness of the requested attorney's fees; she, instead, contends that no attorney's fees should be awarded in this matter because her position in this case was substantially justified.   (*See generally* Doc. 23.)

      2.   <u>Substantial Justification and Prevailing Party.</u>

The Equal Access to Justice Act requires a district court to "award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . , including proceedings for judicial review of agency action, brought by or against the United States . . . , unless the court finds that the position of the United States was **substantially justified** or that special circumstances make an award unjust."   28 U.S.C. § 2412(d)(1)(A) (emphasis added).

While "'[s]ubstantially justified' is one of the myriad phrases in the law that has no precise or fixed definition[, t]he Supreme Court has said that it means 'justified in substance or in the main.'"   *Grieves v. Astrue*, 600 F. Supp. 2d 995, 999 (N.D. Ill. 2009) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)); *see id.* ("A position that is 'substantially justified' must have a 'reasonable basis both in law and in fact.'") (quoting *Pierce*, 487 U.S. at 565); *cf. Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004) (a position is substantially justified if a "reasonable person could believe the position was correct").

> EAJA decisions necessarily involve exercises of discretion because of the sheer impracticability of formulating a rule of decision in such cases. Questions that arise under the Act, like many that arise in litigation generally, are not amenable to regulation by rule because they involve multifarious, fleeting, special, narrow facts that utterly resist generalization—at least, for the time being.

*Grieves*, 600 F. Supp. 2d at 999 (internal citations and quotation marks omitted and other modifications to original).

> It is also essential to recall that "a position can be justified even though it is not correct," *Pierce*, 487 U.S. at 566, n.2, and "[the government] could take a position that is substantially justified, yet lose [on the merits]." *Id.* at 569.  Analysis of questions of substantial justification must take into account the government's position in the underlying action and the litigation posture it took while defending the validity of that action in court.  28 U.S.C. § 2412(d)(2)(D).  But, substantial justification should not be confused with the "substantial evidence" standard that applies to a court's initial review of the case.  Indeed, the Supreme Court has cautioned that consideration of a fee petition "'should not result in a second major litigation.'"  *Pierce*, 487 U.S. at 563.  Thus, an EAJA petition requires the court to revisit the legal and factual circumstances of this case from a different perspective—the elusive standard of substantial justification—than it did in reviewing the record on the initial go-round to determine whether there was substantial evidence to support the conclusion.

*Id.* at 1000 (internal citations modified and some omitted); *but see Cockerham v. Secretary of Health & Human Servs.*, CIV.A. No. 87–1276, 1990 WL 11355, at *3 (E.D. La. Jan. 31, 1990) ("[T]he corresponding definition of 'substantially justified' used in the EAJA means 'to be justified in substance or in the main . . . the action must be justified to a degree that could satisfy a reasonable person, and must have a reasonable basis in both law and fact.'  ***Clearly, definitions of the terms 'substantial evidence' and 'substantially justified' are analogous; a reasonable mind must conclude that when the [Commissioner]'s position was not based upon substantial evidence, it cannot be found substantially justified.***") (quoting *Pierce*, 487 U.S. at 565) (emphasis added); *Scott v. Barnhart*, No. 99 C 4651, 2003 WL 1524624, at *5 (N.D. Ill. Mar. 21, 2003) ("When a court finds [] a lack of connection between the evidence in the record and an ALJ's conclusion, it is appropriate to find the Commissioner's position not substantially justified.") (citations omitted).

Although the plaintiff presented two grounds for why the Commissioner's decision to deny benefits was in error—(1) that the ALJ's RFC determination was not supported by substantial evidence and (2) that the Appeals Council erred in failing to review the opinion of the petitioner's treating physician—the Court remanded this matter to the Commissioner solely because the ALJ failed to link his RFC determination to specific evidence in the record regarding the plaintiff's ability to work despite the limitations caused by her impairments, which prevents this Court from adequately assessing whether the RFC is supported by substantial evidence.[2]   That, quite simply, also compels a finding that the Commissioner's position was not substantially justified. *Compare Cockerham*, 1990 WL 11355, at *3, *with Scott*, 2003 WL 1524624, at *5.   The Commissioner's objection based on substantial justification is accordingly **OVERRULED**.

Further, because the Commissioner makes no argument that the plaintiff is not a prevailing party under the EAJA,[3]  the Court focuses its attention on other matters.

3.   Timeliness.

The EAJA requires a prevailing party to file an application for attorney's fees within thirty (30) days of final judgment in the action.   28 U.S.C. § 2412(d)(1)(B).   The

---

[2]     The Court discussed the Appeals Council argument at some length (Doc. 19 at 4-10), and concluded that, since "this matter is due to be remanded because the Court cannot adequately assess whether the ALJ's RFC determination is supported by substantial evidence[,]" the Commissioner would be given the opportunity to consider the plaintiff's treating physician's opinion—an opinion the Appeals Council failed to meaningfully address—on remand (*id.* at 10).   But the Court did not remand the case for that reason.   So it need not consider the Commissioner's Appeals Council-substantial justification arguments in her opposition to the EAJA petition.   If, however, the Court were to, it would have no choice but to reject them.   (*See, e.g., Perkins v. Astrue*, CA 2:11-00603-C, Doc. 28 at 6-9.)

[3]     "[A] party who wins a sentence-four remand order is a prevailing party." *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993).   (*See* Doc. 24, judgment.)

thirty-day clock does not begin to run in this case until the Court's March 25, 2013 Memorandum Opinion and Order/Judgment became final, which will occur at the end of the sixty (60) days for appeal provided under Rule 4(a)(1)(B)(iii) of the Federal Rules of Appellate Procedure, *see Shalala v. Schaefer*, 509 U.S. 292, 302 (1993), that is, May 24, 2013.   However, the application filed in this case, bearing a date of April 14, 2013, was premature yet still timely.   *See Myers v. Sullivan*, 916 F.2d 659, 679 n.20 (11th Cir. 1990) ("Even a premature [EAJA] motion is considered timely.") (citations omitted); *see also Hayward v. Astrue*, No. CA 09-0453-C, 2010 WL 682507, at *1 (S.D. Ala. Feb. 22, 2010) (same).

      4.   <u>Fees Analysis.</u>

      Like 42 U.S.C. § 1988, the EAJA is a fee-shifting statute.   And the Supreme Court has indicated that "'the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'"   *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985) (EAJA) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (§ 1988)); *see Jean v. Nelson*, 863 F.2d 759, 772-773 (11th Cir. 1988) (discussing the reasonableness of the hours expended in the context of contentions by the government that the fee requests were not supported by sufficient documentation and often involved a duplication of effort), *aff'd sub nom. Commissioner, I.N.S. v. Jean*, 496 U.S. 154 (1990).

> This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services.   The party seeking an award of fees should submit evidence supporting the hours worked and the rates claimed.   Where the documentation of hours is inadequate, the district court may reduce the award accordingly.   The district court also should exclude from this initial fee calculation hours that were not "reasonably expended." . . . Cases may be overstaffed, and the skill and experience of lawyers vary widely.   Counsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive,

redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission.   "In the private sector, 'billing judgment' is an important component in fee setting.   It is no less important here.   Hours that are not properly billed to one's client also are not properly billed to one's *adversary* pursuant to statutory authority."

*Hensley*, 461 U.S. at 433-34 (citations omitted); *see also id.* at 437 ("[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates."); *ACLU of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) ("If fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are 'excessive, redundant, or otherwise unnecessary.' Courts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded."); *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988) ("Excluding excessive or otherwise unnecessary hours under the rubric of 'billing judgment' means that a lawyer may not be compensated for hours spent on activities for which he would not bill a client of means who was seriously intent on vindicating similar rights, recognizing that in the private sector the economically rational person engages in some cost benefit analysis.").

In *Norman*, the Eleventh Circuit indicated that "the measure of reasonable hours is determined by the profession's judgment of the time that may be conscionably billed and not the least time in which it might theoretically have been done."   836 F.2d at 1306.   Because the Commissioner interposes no objection to the fee petition, the Court finds that the plaintiff's counsel reasonably spent ten and ninety-five/hundredths (10.95) hours on legal tasks in this case.

With respect to a determination of the hourly rate to apply in a given EAJA case, for services performed by attorneys, the express language of the Act, as amended by the Contract with America Advancement Act of 1996, provides in pertinent part as follows:

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A) (Cum. Supp. 1997).   In *Meyer v. Sullivan*, 958 F.2d 1029 (11th Cir. 1992), the Eleventh Circuit determined that the EAJA establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act.

> The first step in the analysis, . . . is to determine the market rate for "similar services [provided] by lawyers of reasonably comparable skills, experience, and reputation." . . . The second step, which is needed only if the market rate is greater than $[125] per hour, is to determine whether the court should adjust the hourly fee upward from $[125] to take into account an increase in the cost of living, or a special factor.

*Id*. at 1033-1034 (citations and footnote omitted).

For years, the prevailing market rate in the Southern District of Alabama has been $125.00 per hour.   *See, e.g., Willits v. Massanari*, CA 00-0530-RV-C; *Boggs v. Massanari*, 00-0408-P-C; *Boone v. Apfel*, CA 99-0965-CB-L.   This Court has adjusted that rate to account for the increase in the cost of living.   *Lucy v. Barnhart*, CA 06-0147-C, Doc. 32.   More specifically, the Court has adopted the following formula to be used in calculating all future awards of attorney's fees under the EAJA: "'($125/hour) x (CPI-U Annual Average "All Items Index," South Urban, for month and year of temporal midpoint )/ 152.4, where 152.4 equals the CPI-U of March 1996, the month and year in which the $125 cap was enacted.'"   (*Id*. at 11 (quoting Doc. 31 at 2).)

8

The temporal midpoint in this case was September, 2012, the complaint having been prepared and filed on February 7, 2012 (Doc. 1), and the Court having entered its order and judgment on March 25, 2013 (Docs. 19, 20).   The Court takes notice that the The CPI-U for September, 2012 was 225.052.   (*See* Doc. 21-3.)   Plugging the relevant numbers into the foregoing formula renders the following equation: ($125 x 225.052) / 152.4.   Completion of this equation renders an hourly rate of **$184.59**.   In consideration of the foregoing, the plaintiff should be awarded an attorney's fee in the amount of **$2,279.69** under the EAJA for the **12.35 hours** her attorney spent performing work traditionally performed by attorneys in Social Security cases.

## Conclusion

The Court, therefore, **ORDERS** that the plaintiff be awarded attorney's fees in the amount of **$2,279.69** under the Equal Access to Justice Act.

**DONE and ORDERED** this the 7th day of May, 2013.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**