# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| ROBIN HUNTER, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 2:12-cv-00077-C |
| NANCY A. BERRYHILL, | : |
| Acting Commissioner of | : |
| Social Security,[1] | : |
| Defendant. | : |

## CORRECTED MEMORANDUM OPINION AND ORDER

This cause is before the Court, pursuant to 28 U.S.C. § 636(c) and Rule 54(d)(2)(D), Federal Rules of Civil Procedure, on the amended petition for authorization of attorney's fees pursuant to 42 U.S.C. § 406(b). (*See* Doc. 27). Upon consideration of all pertinent materials contained in the file, it is determined Petitioner should receive a reasonable fee in the amount of $5,143.50 under the Social Security Act.

## FINDINGS OF FACT

William T. Coplin, Jr., Esquire, has represented Hunter in connection with her claim for disability insurance benefits. (*See* Doc. 1, ¶ 1). On October 3, 2011, one hundred and thirty (130) days before the filing of the complaint in this Court,

---

[1] Nancy A Berryhill is, now, the Acting Commissioner of Social Security. Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Berryhill is substituted for Carolyn W. Colvin as the proper defendant in this case.

(*see* Doc. 1 (complaint filed February 10, 2012)), Hunter executed a fee agreement wherein she agreed to the payment of an attorney's fee equaling twenty-five percent (25%) of all past-due benefits following a favorable decision of the Commissioner of Social Security, (*see* Doc. 27-1, at 1 ("I, Robin Hunter, . . . hereby retain William T. Coplin, Jr., Attorney at Law, to represent me in my claim for Social Security and/or Supplemental Security Income (SSI) disability benefits, on the following terms:  1.  I will pay no fee at all unless I win my case.  2.  I understand that all attorney fees in Social Security cases are subject to the approval of the Social Security Administration (SSA) and any fee my attorney charges or collects from me for his services must be approved by SSA.  3.  We agree that if SSA favorably decides my claim at any stage through the first hearing at the Administrative Law Judge (ALJ) level of appeal, I will pay my attorney a maximum fee of the lower of (a) 25% of past-due benefits or (b) $6,000.00 or the applicable maximum amount set by the Commissioner pursuant to 42 U.S.C. section 406(b).  4.  We agree that if SSA favorably decides my claim at the Appeals Council level; or at the ALJ hearing level <u>after</u> a decision by the Appeals Council or Federal Court; or if a Federal Court favorably decides my case, I will pay my attorney a fee equal to 25% of all past-due benefits in my Social Security and/or SSI disability claims, regardless of the $6,000.00 limit.").)

Following remand proceedings (*see* Doc. 20 (judgment remanding the case to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g)), the Commissioner determined Plaintiff was entitled to disability insurance

2

benefits on the basis that she has been disabled since her alleged disability onset date of January 10, 2014. (*See* Doc. 27-2, at 31-32).

The amount of past-due disability insurance benefits the Social Security Administration (the "Administration") determined Hunter was entitled to receive totals $44,574.00. (Doc. 27-3, at 3). The Administration withheld twenty-five percent (25%) of Plaintiff's past-due benefits, that is, $11,143.50, for payment of authorized attorney's fees (*id.*) and Petitioner petitioned the Administration for $6,000.00, on or about May 20, 2018, for services rendered before it. (Doc. 27-4, at 1). Additionally, this Court awarded Petitioner, as the prevailing party in Plaintiff's Social Security appeal, attorney's fees in the amount of $2,279.69 under the Equal Access to Justice Act ("EAJA"), (*see* Docs. 24-25), which was applied to Hunter's federal debt, (Doc. 27-5).

Petitioner has submitted to this Court an itemized statement in regard to the time spent before this Court pursuing Hunter's claims. (Doc. 27-4, at 2-6). The total time delineated therein is 36.40 hours. (*Id.*, at 6)

Petitioner requests this Court to approve an attorney's fee in the amount of $5,143.50 for services rendered in court, which represents the remainder of 25% of the past-due benefits to which the Administration has determined Hunter is entitled under the Social Security Act, following subtraction of the $6,000.00 fee, for which Petitioner petitioned the Administration for services rendered before it.

## CONCLUSIONS OF LAW

Section 206(b) of the Social Security Act, codified at 42 U.S.C. § 406(b), states a court that renders a favorable judgment to a Social Security claimant may award the claimant's attorney a reasonable fee for his representation of the claimant "not in excess of 25 percent of the total of past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits."[2] Section 406(b) thus "provides for contingent fees to be charged *to the client*, with the amount to be set by the district court subject to a statutory maximum." *Watford v. Heckler*, 765 F.2d 1562, 1566 (11th Cir. 1985) (emphasis in original; citations omitted); *see Meyer v. Sullivan,* 958 F.2d 1029, 1035 n.12 (11th Cir. 1992) (the total amount of attorney's fees that may be awarded under the Social Security Act is limited to 25% of the past-due benefits awarded).

The Supreme Court has held that "§ 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements." *Gisbrecht v. Barnhart*, 535 U.S. 789, 808-09, 122 S. Ct. 1817, 1829, 152 L. Ed. 2d 996 (2002). As noted in *Gisbrecht*, "Congress has provided one boundary line: Agreements are

---

[2] "When a claimant receives a favorable administrative decision following a remand of a case by the district court to the [Commissioner], the district court may award attorney's fees pursuant to 42 U.S.C. § 406(b)(1)." *Rohrich v. Bowen*, 796 F.2d 1030, 1031 (8th Cir. 1986) (citation omitted).

4

unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits.[3] . . . Within the 25 percent boundary, as petitioners in this case acknowledge, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*. at 807, 122 S. Ct. at 1828 (internal footnote added).

> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order. In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases.

*Id*. at 808, 122 S. Ct. at 1828 (internal citations omitted).

In line with *Gisbrecht*, therefore, this Court will begin with the contingency fee agreement and will only reduce the amount called for by the agreement upon a determination that this amount is unreasonable. In adopting this approach, the Supreme Court rejected the Eleventh Circuit's adoption of the lodestar calculation of fees in *Kay v. Apfel*, 176 F.3d 1322, 1323 (11th Cir. 1999) (rejecting the

---

[3] "The prescriptions set out in § 406(a) and (b) establish the exclusive regime for obtaining fees for successful representation of Social Security benefits claimants. Collecting or even demanding from the client anything more than the authorized allocation of past-due benefits is a criminal offense." *Gisbrecht,* 535 U.S. at 795-796, 122 S.Ct. at 1822 (citations omitted).

5

"contingent fee" approach to calculation of attorney's fees under § 406(b) in favor of the "lodestar" approach), in favor of the contingency fee approach of other Circuits, like that of the Second Circuit in *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990) (district courts must begin with the contingency fee agreement and may only "reduce the amount called for by the contingency agreement [ ] when it finds the amount to be unreasonable"). *See Gisbrecht*, *supra*, 535 U.S. at 799 & 808-09, 122 S. Ct. at 1823-24 & 1829.

The Social Security Administration has determined that the past-due benefits, to which Plaintiff is entitled to receive, totals $44,574.00, (Doc. 27-3, at 3); twenty-five percent (25%) of this amount is $11,143.50. The contingency fee agreement that Hunter entered into on October 3, 2011, contemplates attorney's fees of as much as twenty-five percent (25%) of the past-due benefits awarded claimant, (*see* Doc. 27-1, at 1), and it is clear to the Court the amount requested by Petitioner herein ($5,143.50), when combined with the $6,000.00, for which Petitioner petitioned the Administration for services rendered before it, (Doc. 27-4, at 1), and without factoring the attorney's fees in the amount of $2,279.69 that this Court awarded under EAJA, (*see* Docs. 24-25), and was applied to Hunter's federal debt, (Doc. 27-5), is not more than 25% of the past-due benefits Hunter has been awarded in this case. Moreover, Petitioner did not delay this case in any manner, nor can the Court find the requested amount is so large as to be a windfall to Petitioner. Given the length of Petitioner's relationship with the claimant and the favorable results achieved by Petitioner for the claimant, the undersigned considers

6

the requested amount reasonable. Accordingly, the Court authorizes Petitioner to receive, as a fee for services rendered before this Court, the sum of $5,143.50 that, when added to the $6,000.00, for which Petitioner petitioned the Administration for services rendered before it, (Doc. 27-4, at 1), and without factoring the attorney's fees in the amount of $2,279.69 that this Court awarded under EAJA, and was applied to Hunter's federal debt, (*see* Docs. 24-25 & 27-5), represents 25% of the total of past-due disability insurance benefits awarded to Plaintiff. *See Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1274 (11th Cir. 2010) ("Although an attorney who receives fees under both the EAJA and 42 U.S.C. § 406(b) must refund the smaller fee to his client, the attorney may choose to effectuate the refund by deducting the amount of an earlier EAJA award from his subsequent 42 U.S.C. § 406(b) fee request.").

## **CONCLUSION**

The Court **ORDERS** Petitioner to receive as an attorney's fee for services rendered in this Court the sum of $5,143.50 pursuant to 42 U.S.C. § 406(b).[4]

**DONE** this the 31st day of May 2018.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

---

[4] By entering this Corrected Memorandum Opinion and Order and accompanying Judgment, Petitioner's Motion to Correct Order and Judgment, (Doc. 31), which was filed on May 30, 2018, is **MOOT**.